

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 29, 2003

Mr. Robert Scott
Chief Deputy Commissioner
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0108

Re: Redistricting of trustee districts for the Dallas Independent School District (RQ-0042-GA)

Dear Mr. Scott:

The Texas Education Agency ("TEA"), on behalf of the Dallas Independent School District ("DISD"), asks a series of questions regarding the redistricting of DISD trustee districts, all of which depend upon the question of what law governs such redistricting.

As the request letter notes, DISD has been governed for thirty years by a board of trustees elected from nine single-member districts.[1] The single-member district structure of DISD was created in 1973 by the Sixty-third Legislature as article 2783d, section 6(a) of the Revised Civil Statutes. *See* TEX. EDUC. AUX. LAWS art. 2783d, § 6(a) (Vernon 2003).[2] Section 6(b) of article 2783d, adopted in 1979, requires redistricting after the federal decennial census "[n]o later than ninety (90) days before the first election held on or after the one hundred fiftieth (150th) day following" the date on which official notice may be taken of the census results. *Id.* § 6(b).[3] Section 6(c) of the statute, added in 1981, provides that "at the first election at which redistricting following a census is to be effective, all positions on the board shall be filled" and that trustees shall determine by a drawing of lots who shall serve for how long a term. *Id.* § 6(c).[4]

In 1983 the legislature adopted a general statute by which school districts might elect at least 70 percent of their trustees from single-member districts.[5] That provision was amended and

---

[1]*See* Letter from Robert Scott, Chief Deputy Commissioner, Texas Education Agency, to Honorable Greg Abbott, Texas Attorney General, at 1 (Aug. 20, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Act of May 14, 1973, 63rd Leg., R.S., ch. 211, § 1, sec. 6(a), 1973 Tex. Gen. Laws 485.

[3]Act of May 25, 1979, 66th Leg., R.S., ch. 798, § 1, sec. 6(b), 1979 Tex. Gen. Laws 2029.

[4]Act of Feb. 16, 1981, 67th Leg., R.S., ch. 6, § 1, sec. 6(c), 1981 Tex. Gen. Laws 7, 8.

[5]*See* Act of May 30, 1983, 68th Leg., R.S., ch. 316, § 1, sec. 23.024, 1983 Tex. Gen. Laws 1687, 1688-90, *amended and renumbered by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, sec. 11.052, 1995 Tex. Gen. Laws 2207, 2223.

renumbered in 1995 and is now section 11.052 of the Education Code. *See* TEX. EDUC. CODE ANN. § 11.052 (Vernon Supp. 2003). When it was originally promulgated in 1983, the statute by its terms did "not apply to an independent school district that elected trustees from single-member districts" under other general or special statutes, such as article 2783d.[6] This particular provision is no longer found in section 11.052. However, article 2783d of the Civil Statutes has not been repealed by any codification of the Education Code.

The request letter also notes that another provision of the Education Code, section 11.053(a), allows for the grandfathering of the terms of school district trustees in office when a redistricting plan is adopted under section 11.052. *See* Request Letter, *supra* note 1, at 2. The section reads:

> The board of trustees of an independent school district *that adopts a redistricting plan under section 11.052* may provide for the trustees in office when the plan is adopted or the school district is redistricted to serve for the remainder of their terms in accordance with this section.

TEX. EDUC. CODE ANN. § 11.053(a) (Vernon Supp. 2003) (emphasis added).

As the request letter explains the situation leading to the request, DISD adopted a redistricting plan based on the 2000 census and conducted a trustee election in 2002. *See* Request Letter, *supra* note 1, at 2. However, "at least two trustees have expressed interest in revising parts" of the plan. *Id.* at 3. Attorneys have given DISD conflicting advice on what statutory scheme governs its redistricting. Accordingly, DISD through TEA asks this office a series of questions.

Your first question is whether redistricting for DISD is governed by article 2783d. *See id.* While, as noted above, article 2783d has not been repealed, we note that the passage of Senate Bill 688 by the Seventy-eighth Legislature in 2003 enacted section 11.064 of the Education Code, which reads in pertinent part:

> (a) Sections 11.052(g) and (h) [requiring elections for all board positions] and Sections 11.059(a) and (b) do not apply to the board of trustees of [DISD].
>
> . . . .
>
> (b) Section 11.053 of this code and Section 141.001, Election Code, apply to the board of trustees of [DISD].
>
> . . . .
>
> (d) Notwithstanding [article 2783d], to the extent consistent with this section, the board of trustees of [DISD] may adopt rules necessary to

---

[6]*Id.*

govern the term, election, and residency requirements of members of the board that may be adopted under general law by any other school district.[7]

Accordingly, since section 11.052 is a general law applicable to other school districts, DISD may avail itself, to the extent permitted by section 11.064, of the scheme for redistricting provided under section 11.052. We note that the statute contemplates that the board will adopt rules to effectuate this.

If DISD elects to use section 11.052, it is not prevented from redistricting prior to the next census. Subsection (d) of section 11.052 requires that a redistricting order must be entered "not later than the 120th day before the date of the first [trustee] election . . . authorized by the order." TEX. EDUC. CODE ANN. § 11.052(d) (Vernon Supp. 2003). However, section 11.052 contains no provision like subsection 6(b) of article 2783d restricting redistricting to a period "[n]o later than ninety (90) days before the first election held on or after the one hundred fiftieth day following" the date on which notice of the federal census may be taken. TEX. EDUC. AUX. LAWS art. 2783d, § 6(b) (Vernon 2003).[8] Thus, unlike redistricting under article 2783d, redistricting under section 11.052 is not expressly limited to the period following each federal census.

You next ask whether DISD must "re-open the redistricting process to permit alteration of" all trustee districts or election precincts, or whether it may redistrict selectively. Request Letter, *supra* note 1, at 3. The requirements of section 11.052(f) are that the board of trustees "divide the school district into the appropriate number of trustee districts," that those districts be compact, contiguous, and as nearly as practicable equal in population, and that their boundaries only cross election precinct boundaries where the school district's boundary does. TEX. EDUC. CODE ANN. § 11.052(f) (Vernon Supp. 2003). Otherwise, the principal statutory constraints placed on the redistricting process are the holding of a public hearing for comment on the proposal and notice of that hearing. *See id.* § 11.052(c). Nothing in the statute expressly requires that all district lines be redrawn. If the board of trustees in its discretion determines that the redrawing of only certain trustee district lines and the adjustment of particular precincts will meet the requirements of compactness, contiguity, and equality of population, we believe that such limited redrawing is permissible. We note that any redistricting will, of necessity, be subject to preclearance review by the United States Department of Justice under the Voting Rights Act, 42 U.S.C. § 1973c (2000).

Your next question is whether, under article 2783d, the first trustee election under a new redistricting plan must be for all nine positions on the board. *See* Request Letter, *supra* note 1, at 3. Redistricting under article 2783d, section 6(c) does require a new election for all board positions. *See* TEX. EDUC. AUX. LAWS art. 2783(d), § 6(c) (Vernon 2003).[9] However, any proposed redistricting between censuses in DISD, such as the redistricting of selected districts at issue here,

---

[7]Act of May 30, 2003, 78th Leg., R.S., ch. 344, § 1, sec. 11.064, 2003 Tex. Sess. Law Serv. 1501, 1502 (effective September 1, 2003) (to be codified at TEX. EDUC. CODE ANN. § 11.064).

[8]*See supra* note 3.

[9]*See supra*, note 4.

may be done only under the terms of newly-enacted section 11.064 of the Election Code. Section 11.064 allows DISD to use the general scheme of section 11.052, but specifically excepts and makes inapplicable subsection (h) of section 11.052, which would require elections for all board positions.[10] Were we to hold that, in an election of the sort contemplated here, all places must be filled, the exception of subsection (h) would become a nullity. In order to give effect to this exception, *see* TEX. GOV'T CODE ANN. § 311.021(2) (1998) (entire statute intended to be effective), we must find that it is not necessary under the terms of section 11.064 for all board positions to be on the ballot in the election following the proposed redistricting.

We have already answered your fourth question, *see* Request Letter, *supra* note 1, at 3, whether the board may act to redistrict under section 11.052 and do so at any time, in the affirmative. We note, again, however, that by the terms of section 11.064, subsections (g) and (h) of section 11.052 will not apply in these circumstances.

You ask next whether section 11.052 would require DISD to adopt something other than a single-member system and would specifically require it to include one or more at-large positions. *See id.* The statute contains no such requirement. Subsection (a) would allow the board to order either "that trustees . . . are to be elected from single-member trustee districts or that not fewer than 70 percent of the members of the board" be elected from such districts. TEX. EDUC. CODE ANN. § 11.052(a) (Vernon Supp. 2003). Nothing in this language requires the adoption of any at-large seats. Again we note that any redistricting plan will be subject to Voting Rights Act preclearance, and that the reintroduction of at-large seats might be an issue in any such process. *See, e.g., United States v. Uvalde Consol. Indep. Sch. Dist.*, 625 F.2d 547, 552 (5th Cir. 1980) (at-large districting may present constitutional difficulties in certain circumstances).

Your last question is whether the provisions of section 11.053, which permit a school board to grandfather trustees' terms, will be applicable only if DISD proceeds under section 11.052. *See* Request Letter, *supra* note 1, at 3. Newly-enacted section 11.064 explicitly provides that "[s]ection 11.053 of this code . . . appl[ies] to the board of trustees" of DISD.[11] Thus, if the board proceeds under section 11.064, and therefore uses the scheme of section 11.052 with the specific exception of subsections (g) and (h), section 11.053's "grandfathering" of trustee positions will apply to its redistricting.

---

[10]*See supra*, note 7.

[11]*See supra*, note 7.

## S U M M A R Y

Pursuant to section 11.064 of the Education Code, the Dallas Independent School District ("DISD") may, at a time unrelated to the federal decennial census, follow the general redistricting scheme of section 11.052 and redistrict under that scheme. In such redistricting, DISD may alter selected trustee districts only if such alteration will result in compact and contiguous districts of as equal population as practicable. Section 11.064 of the Education Code specifically overrules the requirement that the first election following such a redistricting be for all positions on the board. Nothing in section 11.052 would require DISD, in such a redistricting, to reintroduce at-large positions on the board of trustees. Section 11.064 makes the "grandfathering" provisions of section 11.053 of the Education Code specifically applicable to DISD.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee